**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02307-CBS

AZFAR JADOON ANWAR,

    Plaintiff,

v.

CYNTHIA COFFMAN,
HON. CHIEF PATRICK T. MURPHY,
HON. ROBERT S. DOYLE,
DISTRICT ATTORNEY ASHLEY WEINER,
SUZANNE FREDRICKSON,
HON. SENIOR LEWIS T. BABCOCK,
HON. CHIEF MARCIA KRIEGER, and
HON. GORDON P. GALLAGHER,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

Plaintiff Azfar J. Anwar currently resides in Denver, Colorado. Plaintiff initiated this action by filing *pro se* a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff's Application to Proceed Without Prepaying Fees or Costs has been granted.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the following reasons, the Court will direct Plaintiff to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the   is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The allegations are prolix and unintelligible. Plaintiff also fails to set forth a clear statement of the basis for jurisdiction. In the Jurisdiction section of the form, Plaintiff simply has written, "Freedom of Religion." It is not clear what specific law Plaintiff relies on for presenting his claims in this Court.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however,

will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Also, to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint that complies with the above directives, **within thirty days from the date of this Order**. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED October 22, 2015, at Denver, Colorado.

BY THE COURT:

*Craig B. Shaffer*
United States Magistrate Judge